UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:11CR284 ERW NAB |
| | ) | |
| MILTON OHLSEN, III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND SPEEDY TRIAL FINDING

This matter is before the Court on Defendant's Motion to Continue the Motion Deadline [Doc. #31] filed on September 20, 2011.  In support of the Motion Defendant stated:

1. At defendant's initial appearance and arraignment in this matter, he was represented by the Office of the Federal Public Defender for the Eastern District of Missouri. Several days later, it was determined that an actual conflict existed in the continued representation of defendant by the Federal Public Defender's Office. Subsequently, counsel herein was appointed by the Court to represent defendant.

2. Subsequent to counsel's appointment by the Court, counsel received the government's initial discovery disclosure in the case. The discovery consists of over 1,100 pages of written documents, dozens of audio recordings, and several video recordings. Following the government's initial discovery disclosure, counsel has also received an additional disclosure of recorded jail telephone conversations that took place between defendant and several other individuals. The discovery documents and audio recordings that have been reviewed by counsel and defendant indicate numerous complex questions of law and evidentiary issues. Research on

these evidentiary issues is time consuming, and has proven to be more complex and involved than counsel had initially anticipated.

    3. Defendant is currently housed in the Missouri Department of Corrections at their facility at Bowling Green, Missouri. Until one week ago, defendant was housed in administrative segregation. During the time defendant was in administrative segregation, the Department of Corrections would not allow defendant to maintain custody of all of his discovery materials, and severely restricted counsel's contact with defendant. As a result of the policies and practices of the Missouri Department of Corrections, despite counsel's best efforts, he and defendant were unable to meet and thoroughly discuss defendant's case. Defendant has now been released from administrative segregation, and counsel understands that defendant has now been granted access to his discovery materials and legal paperwork.

    4. As a result of counsel's difficulties in meeting with defendant and in defendant not receiving the government's discovery in this case and other legal paperwork until this past week, counsel and defendant require additional time to meet, review the government's case, and determine what, if any, pretrial motions should be filed. Based upon counsel's assessment at this time, counsel believes that an additional thirty (30) days from the Court's previously ordered due date of September 26, 2011 for the filing of pretrial motions and scheduled evidentiary hearing date of October 11, 2011 should provide sufficient time for counsel and defendant to review the discovery and file applicable pretrial motions.

    5. Counsel for defendant has advised the assistant United States attorney assigned to the case and her office of his intent to ask this Court to continue and reset the currently scheduled due date for the filing of pretrial motions and the evidentiary hearing scheduled in this case. Counsel herein has also advised defendant of his intent to ask this Court to continue and reset the

aforementioned due dates. Counsel has also filed this date with the District Court a request to continue and reset the currently scheduled November 7, 2011 trial setting.

6. Counsel has previously filed with this Court defendant's waiver of speedy trial rights. Counsel would request that this Court make a finding pursuant to 18 U.S.C. § 3161(h) that a continuance of this matter should be treated as "excludable time" for purposes of speedy trial calculations.

Defendant requested that the pretrial motion deadline previously set for September 26, 2011 and the evidentiary hearing previously set for October 11, 2011 be continued for thirty (30) days.

**IT IS HEREBY ORDERED** that Defendant's Motion to Continue the Motion Deadline [Doc. #31] is **GRANTED.** Defendant shall have to and including **October 26, 2011** to file any pretrial motions or waiver of motions. The government shall have until **November 3, 2011** to respond.

**IT IS FURTHER ORDERED** that the evidentiary hearing set for **October 11, 2011** shall be continued until **November 10, 2011 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that the trial for this case is set for **December 12, 2011** at **8:30 a.m.** before the Judge Webber.

**Speedy Trial Finding:** For the reasons set out in Defendant's motion, the Court finds that to deny Defendant's request for such additional time would deny counsel for Defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting Defendant's request for additional time outweigh the best interest of the public and Defendant in a speedy trial, and therefore, the time granted to Defendant to investigate and properly prepare

pretrial motions, or a waiver thereof, is excluded from computation of Defendant's right to a speedy trial pursuant to 18 U.S.C. §§ 3161(c)(1) and 3161(h)(7).

                                                /s/ Nannette A. Baker
                                        NANNETTE A. BAKER
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2011.